UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND, *et al.*,

*Plaintiffs*,

v.

MIAMI VALLEY MASONRY, INC.,

*Defendants.*

Civil Action No. 17-0381 (DLF)

### MEMORANDUM OPINION

Before the Court is the Plaintiffs' Motion for Entry of Judgment by Default. Dkt. 8. For the reasons that follow, the Court will grant the motion.

## I. BACKGROUND

Plaintiffs are fiduciaries of two benefit plans: the Bricklayers & Trowel Trades International Pension Fund and the International Masonry Institute. Compl. ¶¶ 1–2, Dkt. 1. Both plans are multiemployer employee-benefit plans organized under the Employee Retirement Income Security Act ("ERISA"). *Id.*; 29 U.S.C. §§ 1002(1), (2), (37). The plans provide retirement, disability, death, and other benefits to individuals who work in the construction industry as bricklayers or as similar tradesmen. Pls.' App. at 002, Dkt. 8-3. Defendant Miami Valley is an Ohio corporation and an "employer in an industry affecting commerce" as defined by ERISA. Compl. ¶ 3; 29 U.S.C. §§ 1002(5), (11), (12). Under its collective bargaining agreements and ERISA, Miami Valley is required to make contributions to the benefit plans based on the number of hours worked by its employees in covered employment. Compl. ¶¶ 7–9. In this action, Plaintiffs seek a judgment of $50,714.14 based on allegations that Miami Valley

failed to make required contributions. *Id.* ¶¶ 4, 7, 15–25. Plaintiffs also seek equitable relief, namely orders directing Miami Valley to submit to an audit and comply with its contractual and statutory obligations. *Id.* ¶¶ 26–35.

Plaintiffs filed the complaint in this action on March 3, 2017. *Id.* Miami Valley was duly served with the complaint and summons on March 6, 2017. Aff. of Service, Dkt. 3; Proof of Service, Dkt. 3-1. On the same day, Plantiffs' counsel emailed a copy of the complaint to Miami Valley's Treasurer. App. at 028, 037–040. Because Miami Valley did not answer or otherwise respond to the complaint within the time period allotted by Federal Rule of Civil Procedure 12, Plaintiffs requested an entry of default. Dkt. 4. Plaintiffs also mailed a copy of their request to Miami Valley. Dkt. 4-2. The Clerk of the Court entered default on April 4, 2017, Dkt. 5, and served a copy of the default entry on Miami Valley, Dkt. 7. On April 19, 2017, Plaintiffs moved this Court to enter a default judgment against Miami Valley under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Dkt. 8. The case was reassigned to the undersigned judge on December 4, 2017.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure empower a federal district court to enter a default judgment against a defendant who fails to defend its case. Fed. R. Civ. P. 55(b)(2); *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). While federal policy generally favors resolving disputes on their merits, default judgments are appropriate "when the adversary process has been halted because of an essentially unresponsive party." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (quotation marks omitted).

Obtaining a default judgment is a two-step process. First, the plaintiff must request that the Clerk of Court enter default against a party who has failed to plead or otherwise defend. Fed.

R. Civ. P. 55(a). The Clerk's default entry establishes the defaulting defendant's liability for the well-pleaded allegations of the complaint. *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31, 35 (D.D.C. 2014). Second, if the plaintiff's claim is not for a "sum certain," the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). At that point, the plaintiff "must prove his entitlement to the relief requested using detailed affidavits or documentary evidence on which the court may rely." *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 103 (D.D.C. 2015) (internal quotation marks and alterations omitted).

When ruling on a motion for default judgment, a court "is required to make an independent determination of the sum to be awarded." *Fanning v. Permanent Sol. Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (quotation marks omitted). In that inquiry, the court has "considerable latitude." *Ventura*, 134 F. Supp. 3d at 103 (quotation marks omitted). The court may conduct a hearing to determine damages, Fed. R. Civ. P. 55(b)(2), but the court is not required to do so "as long as it ensures that there is a basis for the damages specified in the default judgment," *Ventura*, 134 F. Supp. 3d at 103 (quotation marks and alterations omitted).

### III. ANALYSIS

Due to the Clerk's default entry in this case, Miami Valley is deemed liable for the well-pleaded allegations in the complaint, including the allegation that Miami Valley failed to make timely contributions to the benefit plans. *Providence Constr.*, 304 F.R.D. at 35. With liability established, the Court must independently determine the amount owed by Miami Valley to the Plaintiffs and whether equitable relief is appropriate.

Miami Valley's obligations are set forth in a number of agreements: its collective bargaining agreements with Bricklayers Local Union No. 22 Ohio, a Memorandum of Understanding between the benefit plans and Miami Valley, and the benefit plans' trust

agreement and collection procedures. Compl. ¶¶ 7–9, 12–14; App. 002–003. These agreements obligate Miami Valley to pay (1) contributions based on the number of hours worked by employees in covered employment; (2) interest on unpaid contributions at a rate of 15% per annum; (3) the higher of either an additional interest payment on unpaid contributions at a rate of 15% per annum, or liquidated damages calculated as 20% of the total contributions owed; and (4) related attorney's fees and costs. *Id.* If an employer like Miami Valley does not comply with such agreements, Section 502 of ERISA directs courts to award the amounts owed. *See* 29 U.S.C. § 1132(g) (stating that, if judgment is entered in favor of a benefit plan, the court shall award unpaid contributions, interest at the rate set by the plan, liquidated damages, and reasonable attorney's fees and costs).

Miami Valley disregarded its obligations, so Plaintiffs now seek to recover the amounts owed. Compl. ¶¶ 16, 21; Pls.' Mem. at 2, 15, Dkt. 8-1. In support of their motion for default judgment, Plaintiffs have submitted (1) the declaration of David F. Stupar, the Executive Director of the Bricklayers & Trowel Trades International Pension Fund and an authorized representative of the International Masonry Institute, *see* App. at 001–026; and (2) the declaration of R. Richard Hopp, counsel for the Plaintiffs, *see id.* at 027–040. The declarations and their accompanying exhibits set forth the Plaintiffs' calculations with specificity. Stupar's declaration details the contributions, interest, and court costs owed by Miami Valley. *Id.* at 003–005. Hopp's declaration details attorney's fees and costs. *Id.* at 027–028. In particular, the declarations and the entire record establish that Miami Valley owes the following amounts totaling $50,741.14:

- $20,234.98 for unpaid contributions to the benefit plans from January 2016 through June 2016, *id.* at 003, 021;

4

- $15,610.08 for unpaid contributions to the benefit plans from July 2016 through January 2017, *id.* at 003;

- $1,984.01 for interest on the unpaid contributions, *id.* at 003, 021, 026;

- $6,525.57 for liquidated damages, *id.*; and

- $6,386.50 for reasonable attorney's fees and costs, *id.* at 004–005, 027–028.

Therefore, pursuant to the agreements between the parties and Section 502 of ERISA, the Court concludes that the Plaintiffs are entitled to a monetary judgment of $50,741.14.

Plaintiffs also seek equitable relief, namely orders directing Miami Valley to (1) comply with its obligations to report and contribute in the future; and (2) submit to an audit of its payroll records. Compl. ¶¶ 26–35. Section 502 authorizes a district court to award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). "This provision allows the court to construct appropriate remedies which may include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records." *Carpenters Lab.-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007) (internal quotation marks omitted). Equitable relief is often awarded when the defendant "has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process." *Serv. Emps. Int'l Nat'l Indus. Pension Fund v. Tandem Dev. Grp., LLC*, No. 16-cv-2524, 2017 WL 3530358, at *3 (D.D.C. Aug. 16, 2017); *Fanning v. Warner Ctr., L.P.*, 999 F. Supp. 2d 263, 267 (D.D.C. 2013); *Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass, LLC*, 635 F. Supp. 2d 21, 26 (D.D.C. 2009).

Here, Miami Valley has repeatedly disregarded its obligations to submit timely reports and pay monthly contributions to the benefit plans. *See* Compl. ¶ 28; App. 021. Further, as demonstrated throughout this action, Miami Valley appears unwilling to participate in the

judicial process. The Court therefore concludes that equitable relief is appropriate in this case. *See Boland v. Smith & Rogers Constr. Ltd.*, 201 F. Supp. 3d 144, 150 (D.D.C. 2016) (citing cases in which "courts have awarded injunctions requiring an employer to comply with its obligations under ERISA and collective bargaining agreements" and "directing the defendant to permit, and cooperate with, an audit of its books and records"). Thus, pursuant to the Court's discretionary authority under Section 502 of ERISA, the Court will grant the equitable relief requested by Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Motion for Entry of Judgment by Default. A separate order consistent with this decision accompanies this memorandum opinion.

*[signature]*
DABNEY L. FRIEDRICH
United States District Judge

Date: January 25, 2018